1  PHILLIP A. TALBERT
   United States Attorney
2  JASON HITT
   ALEXIS KLEIN
3  ALSTYN BENNETT
   Assistant United States Attorneys
4  501 I Street, Suite 10-100
   Sacramento, CA 95814
5  Telephone: (916) 554-2700
   Facsimile:  (916) 554-2900
6

7  Attorneys for Plaintiff
   United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-MJ-00070-DB |
| Plaintiff, | UNITED STATES' BRIEF IN SUPPORT OF PRETRIAL DETENTION FOR DEFENDANT GUADALUPE CERVANTES |
| v. | |
| JULIO CESAR SARABIA, et al., | |
| Defendants. | |

Guadalupe Cervantes is a frequent, large-scale drug distributor for the SARABIA DTO. DEA confirmed this view of Cervantes's role in the Sarabia DTO through extensive wiretapped calls in which Cervantes repeatedly ordered substantial amounts of methamphetamine from Michael Hutchison over the course of three months this year. *See* Case No. 2:24-MJ-00070-DB, ECF 1, at ¶¶ 154–157 (February 25, 2024 drug order), ¶¶ 167–175 (March 3, 2024 drug order), ¶¶ 226–235 (April 30, 2024 drug order).[1] In addition, Cervantes's criminal history features serious felony convictions and a history of violating court-ordered supervision. His Guidelines exposure is substantial in this case. For these reasons, Cervantes presents a significant flight risk and substantial threat to the public based upon the nature and circumstances of his crimes, his past criminal history, and his direct connection to criminal associates

---

[1] The government incorporates by reference the sworn allegations contained in the Criminal Complaint against Hutchison.

who dealt fentanyl-laced pills and massive quantities of methamphetamine. Accordingly, the government respectfully requests pretrial detention for Cervantes.

## I. LEGAL STANDARDS

The Bail Reform Act of 1984 allows the release of a defendant only after finding conditions or a combination of conditions to reasonably assure the defendant's appearance or the safety of the community. When Congress amended the Bail Reform Act in 1984, it reflected "the deep public concern . . . about the growing problem of crimes committed by persons on release" and the recognition that "there is a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community." *United States v. Chimurenga*, 760 F.2d 400, 403 (2d Cir. 1985) (quoting S. Rep. No. 225, 98th Cong., 1st Sess. 6 7, reprinted in 1984 U.S. Code Cong. & Ad. News, P.L. 98 473, at 3188 3189.) "Congress has determined that '[w]here there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate.'" *Chimurenga*, 760 F.2d at 403 (quoting Senate Report at 3189).

### 1. Flight Risk Standard - Preponderance of Evidence

Whether to detain a defendant as a flight risk pending trial is determined by a preponderance of evidence. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).

### 2. Danger Standard - Clear and Convincing Evidence

"A finding that a defendant is a danger to any other person or the community must be supported by 'clear and convincing evidence.'" *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

### 3. Factors for Deciding Detention or Release

The Bail Reform Act lists several factors the Court should consider in reaching this decision, taking account of all available information: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including ties to the community, past conduct, and employment history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. Each factor supports detention in this case.

## II.   DISCUSSION

### A.   Nature and circumstances of the offense: Cervantes conspired to distribute methamphetamine and distributed drugs supplied by the SARABIA DTO.

As detailed in the Criminal Complaint, investigators identified Cervantes as a substantial methamphetamine dealer being supplied by Michael Hutchison during 2023 and 2024. ECF 1, ¶¶ 154–157 (February 25, 2024 drug order), ¶¶ 167–175 (March 3, 2024 drug order), ¶¶ 226–235 (April 30, 2024 drug order).

During the wiretap, DEA intercepted Cervantes ordering the following amounts of methamphetamine from Hutchison (this is not a comprehensive of all of the evidence against Cervantes and, instead, presents a snapshot from this year):

- February 25, 2024 – intercepted call with Hutchison
    - ordered a "whole one" (pound methamphetamine)
- March 3, 2024 – intercepted call with Hutchison
    - ordered "four of them" (four pounds methamphetamine)
- March 26, 2024 – intercepted call with Hutchison
    - ordered a "half one" (half pound methamphetamine)
- April 3, 2024 – intercepted call with Hutchison
    - ordered a "half one" (half pound methamphetamine)

Agents corroborated Cervantes's deals with Hutchison by conducting surveillance and verifying that the two men were meeting in a manner consistent with their intercepted calls. Thus, based upon the nature and circumstances of the offenses detailed in the Criminal Complaint, detention is appropriate on the basis of flight risk and danger.

### B.   Weight of the evidence against the defendant.

The weight of the evidence against Cervantes is substantial. Agents repeatedly collected unguarded intercepted admissions of guilt by Cervantes over the wiretap. They verified his criminal activities with Hutchison with corroborative investigative techniques. Thus, the weight of the evidence weighs in favor of detention.

**C.     History and characteristics of the defendant: Cervantes's criminal history features serious felony convictions.**

Cervantes's criminal history includes serious felony convictions.  In 1999, he was convicted of a felony for grand theft from a person and sentenced to 3 years in prison and then violated his probation and was sent back to prison.  After multiple DUI convictions, in 2005, Cervantes was convicted of a misdemeanor for evading a peace officer, only to then escalate his behavior and, in 2008, be convicted of a felony for evading a peace officer and receive a 16-month prison sentence.

After that conviction, Cervantes sustained a conviction for willful cruelty to a child in 2014, followed by a felony for drug trafficking.  Cervantes then violated his probation and had it revoked.  Cervantes then was convicted in 2014 of another drug trafficking felony and received a 16-month prison sentence.  Undeterred, Cervantes was convicted of two more drug trafficking felonies and sentenced to 4 years in prison and then violated the terms of his post-release supervision.  Most recently, in 2019, Cervantes was convicted of possession of a controlled substance.  After this long run of criminal activity, he is now charged with pound-level methamphetamine as recently as April 2024.  In sum, Cervantes's history and characteristics support detention.

**D.     Danger to the community: Cervantes is a danger to the community.**

Cervantes presents a significant danger to the community.  He has an extensive history of convictions for evading police, drug trafficking, and violating the terms of court supervision.  His previous stints in state prison have not deterred his involvement in significant criminal activity and distributing large amounts of methamphetamine for profit.  For these reasons, Cervantes presents a significant danger to the community.  The statutory presumption favoring detention applies to Cervantes and is appropriate given the specific facts and circumstances of this case.

### III. CONCLUSION

This Court should deny Cervantes's motion for pretrial release and enter an order of detention for reasons detailed above and in the Criminal Complaint.

Dated: June 6, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ *Jason Hitt*
JASON HITT
ALEXIS KLEIN
ALSTYN BENNETT
Assistant United States Attorneys